**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x

EDDIE ACEVEDO, individually and on behalf
of all other similarly situated persons,

                                                Plaintiffs,        Case No.: 16-cv-07116 (SJF)(AKT)

       -against-

                                                           **ANSWER TO COMPLAINT**

CKA MANAGEMENT, LLC,

                                                Defendant.

--------------------------------------------------------x

       Defendant, CKA MANAGEMENT, LLC ("Defendant"), by and through its counsel of record, Wood, Smith, Henning, and Berman, LLP, hereby responds to the enumerated paragraphs of the Complaint, filed on December 27, 2016, in the above-captioned action as follows:

## PRELIMINARY STATEMENT

1.     Admit that plaintiff purports to bring the instant action, on behalf of himself and other employees similarly situated, for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and for the purported relief sought therein, as alleged in paragraph 1 of the Complaint, but deny the remaining allegations and any wrongdoing.

2.     Admit that plaintiff purports to bring the instant action, on behalf of himself and other employees similarly situated, for alleged violations of the New York State Labor Law, including N.Y. Lab. L. §§ 190, *et seq.*, and §§ 650, *et seq.*("NYLL") and 12 NYCRR § 142-2.2, and for the purported relief sought therein, as alleged in paragraph 2 of the Complaint, but deny the remaining allegations and any wrongdoing.

## JURISDICTION AND VENUE

3. Admit that plaintiff purports to predicate jurisdiction for this Court over plaintiff's FLSA claims under the statutes cited in paragraph 3 of the Complaint and deny any all remaining allegations contained in paragraph 3 of the Complaint, and leaves all questions of law to the Court.

4. Admit that plaintiff purports to predicate jurisdiction for this Court over plaintiff's NYLL claims under the statutes cited in paragraph 4 of the Complaint and deny any and all remaining allegations contained in paragraph 4 of the Complaint, and leaves all questions of law to the Court.

5. Admit that plaintiff purports to predicate venue for this Court under the statute cited in paragraph 5 of the Complaint and deny any and all remaining allegations contained in paragraph 5 of the Complaint, and leaves all questions of law to the Court.

## PARTIES

6. Admit that plaintiff was employed by defendant as an assistant general manager from June 23, 2016 through October 30, 2016, and deny knowledge or information sufficient to form a belief as to plaintiff's residency, and deny any and all remaining allegations contained in paragraph 6 of the Complaint.

7. Admit that a document that plaintiff purports to be a consent to sue is annexed as Exhibit "A", and deny any and all remaining allegations contained in paragraph 7 of the Complaint, and leaves all questions of law to the Court.

8. Admit the allegations contained in paragraph 8 of the Complaint.

9. Deny the allegations contained in paragraph 9 of the Complaint.

10. Admit the defendant is an employer that employed the named plaintiff, and defendant denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 10 of the Complaint, and leaves all questions of law to the Court.

## FACTUAL ALLEGATIONS

11. Admit the defendant franchises Taco Bell and Wendy's restaurants within New York and New Jersey and deny any and all remaining allegations contained in paragraph 11 of the Complaint, and leaves all questions of law to the Court.

12. Admit defendant franchises a Taco Bell restaurant located at 1314 Middle County Road, Selden, New York 11784 ("Selden Taco Bell") and deny any and all remaining allegations contained in paragraph 12 of the Complaint, and leaves all questions of law to the Court.

13. Admit plaintiff worked at the Selden Taco Bell from June 23, 2016 through August 31, 2016, and deny any and all remaining allegations contained in paragraph 13 of the Complaint.

14. Admit plaintiff purports to bring his allegations only as to the Selden Taco Bell, and deny any and all remaining allegations contained in paragraph 14 of the Complaint.

15. Admit defendant employed plaintiff as an assistant general manager at the Selden Taco Bell location from June 23, 2016 through August 31, 2016, and deny any and all remaining allegations contained in paragraph 15 of the Complaint and leaves all questions of law to the Court.

16. Admit the named plaintiff was scheduled to work 5 days per week, 10 hours per day, deny knowledge or information sufficient to form a belief as to the allegation "generally," and deny any and all remaining allegations contained in paragraph 16 of the Complaint.

17. Deny the allegations contained in paragraph 17 of the Complaint.

18. Deny the allegations contained in paragraph 18 of the Complaint.

19. Deny the allegations contained in paragraph 19 of the Complaint.

20. Deny the allegations contained in paragraph 20 of the Complaint.

21. Admit the named plaintiff agreed to receive $13.29 per hour for all hours worked up to forty (40) hours per work week and $19.935 per hour for hours worked in excess of forty (40) hours per work week and deny any and all remaining allegations contained in paragraph 21 of the Complaint.

22. Deny the allegations contained in paragraph 22 of the Complaint.

23. Deny the allegations contained in paragraph 23 of the Complaint.

24. Deny the allegations contained in paragraph 24 of the Complaint.

25. Deny the allegations contained in paragraph 25 of the Complaint.

26. Deny the allegations contained in paragraph 26 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

27. Admit plaintiff purports to bring the First Claim for Relief in the instant action as a collective action pursuant to the statute cited in paragraph 27 of the Complaint and deny any and all remaining allegations contained therein and leaves all questions of law to the Court.

28. Deny the allegations contained in paragraph 28 of the Complaint.

29. Deny the allegations contained in paragraph 29 of the Complaint.

30. Deny the allegations contained in paragraph 30 of the Complaint, and leaves all questions of law to the Court.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

31. Admit plaintiff purports to bring the Third Claim for Relief in the instant action pursuant to the statute Fed. R. Civ. P. Rule 23 in paragraph 31 of the Complaint and deny any and all remaining allegations contained therein and leaves all questions of law to the Court.

32. Deny the allegations contained in paragraph 32 of the Complaint, and leaves all questions of law to the Court.

33. Deny the allegations contained in paragraph 33 of the Complaint.

34. Deny the allegations contained in paragraph 34 of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 of the Complaint, and leaves all questions of law to the Court.

36. Deny the allegations contained in paragraph 36 of the Complaint, and leaves all questions of law to the Court.

37. Deny the allegations contained in paragraph 37 of the Complaint, and leaves all questions of law to the Court.

38. Deny the allegations contained in paragraph 38 of the Complaint, and leaves all questions of law to the Court.

39. Deny the allegations contained in paragraph 39 of the Complaint.

## FIRST CLAIM FOR RELIEF

**(Failure to Pay Overtime Wage – FLSA, Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

40. As to paragraph 40 of the Complaint, defendant repeats and reiterates, as if more fully set forth herein, the foregoing responses set forth in paragraphs 1 through 39 *infra*.

41. Admit the named plaintiff worked in excess of forty (40) hours during certain workweeks and deny knowledge or information sufficient to form a belief as to any and all remaining allegations contained in paragraph 41 of the Complaint, and leaves all questions of law to the Court.

42. Deny the allegations contained in paragraph 42 of the Complaint.

43. Admit plaintiff seeks the purported relief stated in paragraph 43 of the Complaint and deny any and all remaining allegations contained in paragraph 43 of the Complaint, and deny any wrongdoing.

44. Deny the allegations contained in paragraph 44 of the Complaint.

## SECOND CLAIM FOR RELIEF

**(Failure to Pay Regular Wages and Overtime Wage – NYLL, Brought by Plaintiff on Behalf of Himself)**

45. As to paragraph 45 of the Complaint, Defendant repeats and reiterates, as if more fully set forth herein, the foregoing responses set forth in paragraphs 1 through 44 *infra*.

46. Deny any and all allegations of unlawful conduct by defendant alleged in Paragraph 46 of the Complaint, and deny knowledge or information sufficient to form a belief as to any and all remaining allegations contained in paragraph 46 of the Complaint, and leaves all questions of law to the Court.

47. Deny the allegations contained in paragraph 47 of the Complaint.

48. Deny the allegations contained in paragraph 48 of the Complaint.

49. Admit plaintiff seeks the purported relief stated in paragraph 49 of the Complaint and deny any and all remaining allegations contained in paragraph 49 of the Complaint, and deny any wrongdoing.

## THIRD CLAIM FOR RELIEF

**(Notice Violations & Wage Statement Violations – NYLL § 195, Brought by Plaintiff on Behalf of Himself and the Class Members)**

50. As to paragraph 50 of the Complaint, defendant repeats and reiterates, as if more fully set forth herein, the foregoing responses set forth in paragraphs 1 through 49 *infra*.

51. Deny the allegations contained in paragraph 51 of the Complaint.

52. Deny the allegations contained in paragraph 52 of the Complaint.

53. Deny the allegations contained in paragraph 53 of the Complaint.

## FOURTH CAUSE OF ACTION
## BREACH OF CONTRACT

54. As to paragraph 54 of the Complaint, defendant repeats and reiterates, as if more fully set forth herein, the foregoing responses set forth in paragraphs 1 through 53 *infra*.

55. Admit the named plaintiff agreed to accept $13.29 per hour for all hours worked up to forty (40) hours per workweek and $19.935 per hour for hours worked in excess of forty (40) hours per workweek and deny any and all remaining allegations contained in paragraph 55 of the Complaint.

56. Deny the allegations contained in paragraph 56 of the Complaint.

57. Deny that defendant was obligated to pay the named plaintiff $15.00 per hour and deny knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 57 of the Complaint.

58. Deny the allegations contained in paragraph 58 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies plaintiff, the purported Fair Labor Standards Act Collective plaintiffs, and the purported Class Members, are entitled to any of the relief described in the unnumbered "Prayer for Relief" and "Wherefore" clause, including paragraphs "a" through "h", as they appear at the end of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint must be dismissed for lack of personal jurisdiction and failure to make sufficient service of process on the defendant.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, and each of them, brought on behalf of himself and those persons on whose behalf plaintiff purports to bring this action, are barred in full or in part by the doctrines of waiver, laches, estoppel, unclean hands, res judicata, collateral estoppel, prior pending litigation and/or other equitable defenses.

### FOURTH AFFIRMATIVE DEFENSE

By virtue of the actions of plaintiff or his agents, and those persons on whose behalf plaintiff purports to bring this action, they are estopped from asserting any claims or seeking to recover damages as alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff, and those persons on whose behalf plaintiff purports to bring this action, have failed to mitigate damages, if, in fact, any damages are proven.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and each of them, brought on behalf of himself and those persons on whose behalf plaintiff purports to bring this action, are barred in full or in part by the applicable status of limitations, including the statute of limitations provided by the Fair Labor Standards Act and the New York Labor Law.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and each of them, brought on behalf of himself and those persons on whose behalf plaintiff purports to bring this action, are barred, in whole or in part, by the *de minimis* doctrine.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff, and those persons on whose behalf plaintiff purports to bring this action, are not entitled to equitable relief insofar as they have an adequate remedy by law.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and each of them, brought on behalf of himself and those persons on whose behalf plaintiff purports to bring this action, are barred or limited by defendant's good faith efforts to comply with applicable law.

**TENTH AFFIRMATIVE DEFENSE**

Payments to plaintiff, and those persons on whose behalf plaintiff purports to bring this action, were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or New York State Department of Labor.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant affirmatively denies plaintiff, and those persons on whose behalf plaintiff purports to bring this action, are entitled to the relief prayed for in the Complaint or to any other relief.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and each of them, brought on behalf of himself and those persons on whose behalf plaintiff purports to bring this action, are barred or should be reduced, in whole or

in part, by exclusions, exceptions, credits, recoupment, or other offsets permissible under the Fair Labor Standards Act and the New York Labor Law.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant is entitled to offset overpayment to plaintiff, and those persons on whose behalf plaintiff purports to bring this action, or monies or other consideration paid or provided to him/them by defendant for periods in which he/they were not engaged to work.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff, and those persons on whose behalf plaintiff purports to bring this action, cannot establish a willful violation under the Fair Labor Standards Act and/or the New York Labor Law.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which either pre-judgment or post-judgment interest, liquidated damages, or attorneys' fees may be awarded.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant has made all payments to plaintiff as required by applicable law, rules, and regulations, and acted in good faith with regard to such payments.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff, and those persons on whose behalf plaintiff purports to bring this action, cannot recover liquidated damages under both the Fair Labor Standards Act and New York Labor Law, if in fact damages are proven.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff, and those persons on whose behalf plaintiff purports to bring this action, are not entitled to liquidated damages because at all times defendant acted in good faith and had

reasonable grounds for believing that their acts and/or omissions were not a violation of the Fair Labor Standards Act and/or New York Labor Law.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent plaintiff, and/or those persons on whose behalf plaintiff purports to bring this action, petitioned for bankruptcy under Chapter 7 or Chapter 13 of the United States Bankruptcy Code yet failed to disclose potential claims against defendant as required under the applicable Bankruptcy Code.

### TWENTIETH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, pursuant to the Portal-to-Portal Act.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent plaintiff, and/or those persons on whose behalf plaintiff purports to bring this action, have signed a release and/or waiver encompassing claims alleged in the Complaint or a contractual waiver or agreement contrary to his/their claims herein, his/their claims are barred by that release, waiver or agreement.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's Fair Labor Standards Act claims, and each of them, brought on behalf of himself and those persons on whose behalf plaintiff purports to bring this action, are barred, in whole and/or in part, to the extent that plaintiff, and/or those persons on whose behalf plaintiff purports to bring this action, failed to timely satisfy the written consent requirements and/or the statutory prerequisites necessary to proceed as a collective action under the 29 U.S.C. §216(b).

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, and each of them, brought on behalf of himself and those persons on whose behalf plaintiff purports to bring this action, are barred because he/they did not perform

any work for which he/they were not properly compensated. Plaintiff and/or those persons on whose behalf plaintiff purports to bring this action, cannot recover wages for any hours worked which were not reported in accordance with any applicable policies or procedures.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and each of them, brought on behalf of himself and those persons on whose behalf plaintiff purports to bring this action, are barred as he/they were not employees within the meaning of the Fair Labor Standards Act and/or New York Labor Law.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not an adequate representative of the putative class members.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and each of them, brought on behalf of himself and those persons on whose behalf plaintiff purports to bring this action, are barred by the economic loss rule.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and each of them, brought on behalf of himself and those persons on whose behalf plaintiff purports to bring this action, are barred by the doctrine of payment.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and each of them, brought on behalf of himself and those persons on whose behalf plaintiff purports to bring this action, are barred by election of remedies.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and each of them, brought on behalf of himself and those persons on whose behalf plaintiff purports to bring this action, are barred to the extent that his/their work falls within the exemptions, exclusions, exceptions, or credits provided under the Fair Labor Standards Act and/or New York Labor Law.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims, and each of them, brought on behalf of himself and those persons on whose behalf plaintiff purports to bring this action, are barred under the doctrine of accord and satisfaction.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's collective action and/or class action claims are precluded as plaintiff is not similarly situated to putative collective action and/or class action individuals whom he purports to represent.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Collective action and/or class action relief is not appropriate as defendant did not act pursuant to a uniform policy or plan.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Collective action and/or class action relief is not appropriate because individual liability and damages issues predominate over issues generally applicable to the collective action.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed in whole, or in part, because the Court lacks subject matter and/or personal jurisdiction over some or all of plaintiff's claims.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Collective Action certification is not appropriate pursuant to Section 216(b) of the Fair Labor Standards Act.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff is unable to meet the criteria necessary to maintain a class action under Rule 23 of the Federal Rules of Civil Procedure or any applicable state or local law.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff, and those persons on whose behalf plaintiff purports to bring this action, cannot recover liquidated damages under the Fair Labor Standards Act and simultaneously recover pre-judgment interest under the New York Labor Law, if in fact damages are proven.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant reserves the right to supplement these affirmative defenses as necessary based upon the evidence and information learned or revealed during the course of discovery in this matter.

**WHEREFORE**, the foregoing reasons, the defendant, by and through its counsel, respectfully requests that this Court dismiss this action and award their fees and costs associated with the defense of this action, along with any and all other such relief as this Court deems proper.

Dated:  New York, New York
          February 14, 2017

Wood, Smith, Henning, and Berman, LLP

By:_____
Robert W. Hellner, Esq.
Heather C. Hili, Esq.
685 Third Avenue, 18th Floor
New York, New York 10017
(212)999-7110(t)
(212)999-7139(f)
Email:  rhellner@wshblaw.com

*Attorneys for Defendant*